## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BEATTY, | ) | CASE NO. 1:12cv02646 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | **DEFENDANT'S BRIEF IN** |
| PROGRESSIVE CASUALTY | ) | **SUPPORT OF MOTION TO** |
| INSURANCE COMPANY, | ) | **DISMISS COUNTS II AND IV** |
| | ) | **CONTAINED IN PLAINTIFF'S** |
| Defendant. | ) | **COMPLAINT** |

## I.     INTRODUCTION

A plaintiff can "unlock the doors of discovery" if and only if he alleges facts that demonstrate a plausible right to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Counts II and IV of Plaintiff John Beatty's Complaint do not meet this standard. As such, and pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Progressive Resource Services Company, Inc. (incorrectly identified in the Complaint as "Progressive Casualty Insurance Company") ("Progressive") moves this Honorable Court to enter an Order dismissing Plaintiff's wrongful discharge in violation of public policy and intentional infliction of emotional distress claims (respectively, Counts II and IV of the Complaint).

Even taking Plaintiff's allegations in Count II of the Complaint as true (which Progressive does not concede), his wrongful discharge in violation of public policy claim must be dismissed as a matter of law. The Ohio Supreme Court has expressly held that no cause of action exists for wrongful discharge in violation of public policy when that action is based solely on a discharge in violation of the Family and Medical Leave Act ("FMLA"). *See Wiles v.*

*Medina Auto Parts*, 773 N.E.2d 526 (Ohio 2002). Further, even taking the allegations in Count IV of the Complaint as true (again, which Progressive does not concede), Plaintiff's intentional infliction of emotional distress claim must be dismissed because an employee's termination, even if based upon discrimination or retaliation, does not rise to the level of 'extreme and outrageous conduct' without proof of something more. *See Gamble v. Nestle USA, Inc.*, No. 1:12-cv-1027, 2012 WL 3263109, at **4-5 (N.D. Ohio Aug. 9, 2012) (*see* copy attached hereto); *Cheadle v. Genco I, Inc.*, No. 2:11-cv-566, 2011 WL 5597262, at **3-4 (S.D. Ohio Nov. 17, 2011) (*see* copy attached hereto); *Talley v. Family Dollar Stores of Ohio, Inc.*, 542 F.3d 1099, 1111 (6th Cir. 2008).

## II.    STATEMENT OF FACTS

Taking the allegations of the Complaint as true, Plaintiff was employed by Progressive as a Release and Deploy Analyst for eight years. (Complaint ¶¶ 7-8). Plaintiff also claims that following a 2005 diagnosis of Celiac disease, he requested FMLA leave from Progressive in or around May 2011. (*Id.*, at ¶¶ 13-19). While he admits that he did not take FMLA leave at that time, Plaintiff alleges that Progressive began to retaliate against him by disciplining him for his work performance. (*Id.*, at ¶¶ 20-24). Plaintiff further alleges that he took FMLA leave in December 2011 and April 2012 and that, after continued discipline regarding his performance, Progressive terminated his employment on May 11, 2012. (*Id.*, at ¶¶ 25-35).

Plaintiff's Complaint includes allegations of retaliatory discharge in violation of the FMLA (Count I), wrongful discharge in violation of Ohio public policy (Count II), failure to pay overtime (Count III), and intentional infliction of emotional distress (Count IV). For the reasons set forth below, Plaintiff's wrongful discharge in violation of public policy and intentional infliction of emotional distress causes of action fail to state claims upon which relief can be granted and should be dismissed.

### III. LAW AND ARGUMENT

#### A. COUNT II OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY UNDER OHIO LAW

Count II of Plaintiff's Complaint attempts to assert the same claim of wrongful discharge in violation of FMLA public policy that the Ohio Supreme Court expressly rejected in *Wiles v. Medina Auto Parts*, 773 N.E.2d 526 (2002). In *Wiles*, the plaintiff alleged that his former employer discharged him for exercising his rights under the FMLA. Specifically, the plaintiff brought an Ohio state common-law claim alleging that his former employer's acts constituted a wrongful discharge in violation of the public policy expressed in the FMLA.

The Court in *Wiles* recognized that under its previous holding in *Greely v. Miami Valley Maintenance Contrs., Inc.*, 551 N.E.2d 981 (Ohio S.Ct. 1990), there are instances in which public policy warrants an exception to the employment-at-will doctrine. *Wiles*, 773 N.E.2d at 529. The Court stated that such wrongful discharge torts have four elements, one of which is "that dismissing employees under circumstances like those involved in the plaintiff's dismissal would jeopardize the public policy (the jeopardy element)." *Id.* at 529-30. The Court found that the plaintiff's claim failed the jeopardy element, however, because the FMLA's "combination of compensatory damages and equitable remedies is sufficiently comprehensive to ensure that the public policy embodied in the FMLA will not be jeopardized by the absence of a tort claim for wrongful discharge in violation of public policy." *Id.* at 532-33. In so finding, the Court concluded that, "Ohio does not recognize a cause of action for wrongful discharge in violation of public policy when the cause of action is based solely on a discharge in violation of the FMLA. An aggrieved employee's proper recourse for an employer's FMLA violation is to bring the cause of action authorized by Congress under [the FMLA]." *Id*. at 533 (emphasis added).

Plaintiff's wrongful discharge in violation of public policy claim (Count II) is indistinguishable from the claim brought by the plaintiff in *Wiles* and should be dismissed for the same reasons. The only public policy specifically identified in Plaintiff's Complaint is one "against terminating an employee in retaliation for his use of qualified leave under the FMLA." (Complaint, ¶47). As the *Wiles* court held, Ohio law does not recognize such public policy claims where the source of the alleged public policy is the FMLA. Accordingly, Plaintiff's wrongful discharge in violation of public policy claim should be dismissed as a matter of law.

**B.      COUNT IV OF PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS IT FAILS TO SUFFICIENTLY PLEAD FACTS INDICATING THE ALLEGED CONDUCT WAS EXTREME AND OUTRAGEOUS**

"It is well accepted that intentional infliction of emotional distress claims may entirely appropriately be dealt with . . . in a motion to dismiss." *Miller v. Currie*, 50 F.3d 373, 377-378 (6th Cir. 1995), *citing Rogers v. Targot Telemarketing Servs.*, 591 N.E.2d 1332, 1333, 1336 (Ohio Ct. App. 1990) (treating plaintiff's allegations that she was falsely promised continued employment with the intention of causing her to detrimentally rely on the assurances as insufficient to qualify as extreme or outrageous); *Baab v. AMR Serv. Corp.*, 811 F. Supp. 1246, 1270 (N.D. Ohio 1993) (stating that co-workers' display of photographs of scantily clad women and plaintiff's receipt of pornographic "sex toys" was not intolerable in a civilized society and therefore not extreme or outrageous).

In order to survive a motion to dismiss, a plaintiff alleging intentional infliction of emotional distress <u>must plead sufficient facts</u> which, if proven, would permit a jury to conclude that:

    1)    the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff;

2)      the actor's conduct was so extreme and outrageous, that it went beyond all possible bounds of decency and that it can be considered utterly intolerable in a civilized community;

3)      the actor's actions were the proximate cause of the plaintiff's psychic injury; and,

4)      the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable person can be expected to endure it.

*Klusty v. Taco Bell Corp.*, 909 F. Supp. 516, 522-523 (S.D. Ohio 1995), *citing Miller*, 50 F.3d at 377; *Pyle v. Pyle*, 463 N.E.2d. 98, 103 (Ohio Ct. App. 1983). Merely reciting the four conclusions required for an intentional infliction of emotional distress claim cannot substitute for sufficiently pleaded facts. *See Klusty*, 909 F. Supp. at 523.

"[T]o say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement." *Courie v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 633 (6th Cir. 2009), *quoting Baab v. AMR Servs. Corp.*, 811 F. Supp. 1246, 1269 (N.D. Ohio 1993); *see also Klusty*, 909 F. Supp. 516, 522-523; *Bush v. American Honda Motor Co., Inc.*, 227 F. Supp. 2d 780, 800-801 (S.D. Ohio 2002); *Swanson v. Senior Resource Connection*, 254 F. Supp. 2d 945, 962-963 (S.D. Ohio 2003); *Shoemaker-Stephen v. Montgomery County Bd. Of Com'rs.*, 262 F. Supp. 2d 866, 888 (S.D. Ohio 2003). In narrowly defining extreme and outrageous conduct, it is well-established under Ohio law that discrimination or retaliation, by itself, is insufficient to support an intentional infliction of emotional distress claim. *See Shoemaker-Stephen*, 262 F. Supp. 2d at 888, *citing Bryans v. English Nanny and Governess Sch., Inc.,* 690 N.E.2d 582, 592 (Ohio Ct. App. 1996); *see also Talley,* 542 F.3d at 1111; *Gamble*, 2012 WL 3263109, at **4-5; *Cheadle,* 2011 WL 5597262, at **3-4 ("[a]lthough Plaintiff characterizes Defendant's alleged conduct as outrageous, she does not identify any facts in the Complaint that would demonstrate that her claim is based on conduct beyond that describing Defendant's alleged violation of her rights under the FMLA"); *Swanson*, 245 F. Supp. 2d at 962-63.

In the present case, Plaintiff has not pled facts that rise to the extreme and outrageous level required to state a claim for intentional infliction of emotional distress. Essentially, and in conclusory fashion, Plaintiff characterizes his alleged retaliatory discharge as constituting extreme and outrageous conduct and as causing severe emotional distress, but he has pleaded nothing more than the facts allegedly supporting his FMLA retaliation claim. (*See* Complaint, ¶¶ 60-64). As a matter of law, however, "'an employee's termination, even if based on discrimination, does not rise to the level of 'extreme and outrageous conduct' without proof of something more,'" and there is nothing more alleged in the Complaint that renders Plaintiff's claim viable. *Talley*, 542 F.3d at 1111 ("The essence of [plaintiff's] intentional infliction of emotional distress claim is that the circumstances surrounding [plaintiff's] termination caused [plaintiff] to suffer serious emotional distress. But [plaintiff] does not allege "something more" than those circumstances, so her claim fails to meet this requirement"); *see also Klusty*, 909 F. Supp. at 522-523. Accordingly, the Count IV in Plaintiff's Complaint should be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Progressive Resource Services Company, Inc., respectfully requests that this Honorable Court grant its Motion to Dismiss Counts II and IV contained in Plaintiff's Complaint and enter an Order dismissing, with prejudice, Plaintiff's claims of wrongful discharge in violation of public policy and intentional infliction of emotional distress.

Dated: October 30, 2012                          Respectfully submitted,


                                                  /s/ David A. Posner
                                                 David A. Posner (0042174)
                                                 Leah A. Williams (0075587)
                                                 BAKER & HOSTETLER, LLP
                                                 3200 PNC Center
                                                 1900 E. 9th Street
                                                 Cleveland, Ohio 44114
                                                 (216) 621-0200
                                                 (216) 696-0740 (Fax)
                                                 dposner@bakerlaw.com
                                                 lwilliams@bakerlaw.com

                                                 Attorneys for Defendant Progressive Resource
                                                 Services Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2012, a copy of the foregoing *Defendant Progressive Resource Services Company, Inc.'s Motion to Dismiss Counts II and IV Contained in Plaintiff's Complaint and Brief in Support* was filed electronically.  Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ *David A. Posner*
David A. Posner
One of the Attorneys for Defendant Progressive
Resource Services Company, Inc.
