**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN BEATTY | ) | CASE NO. 1:12cv02646 |
| | ) | |
| Plaintiff, | ) | JUDGE: CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | **ANSWER OF DEFENDANT** |
| | ) | **PROGRESSIVE RESOURCE** |
| PROGRESSIVE CASUALTY | ) | **SERVICES COMPANY, INC.** |
| INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

NOW COMES Defendant Progressive Resource Services Company, Inc. (incorrectly identified in the Complaint as "Progressive Casualty Insurance Company"), by and through its attorneys, and for its Answer to Plaintiff's Complaint submits as follows:

## FIRST DEFENSE

1. Upon information and belief, Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint.

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits the material events alleged in the Complaint occurred in Cuyahoga County but restates its answers to the remainder of the allegations contained in the Complaint with respect to those material allegations.

5. Defendant neither admits nor denies the allegations contained in Paragraph 5 of the Complaint insofar as they state a legal conclusion to which no response is required.

6. Defendant neither admits nor denies the allegations contained in Paragraph 6 of the Complaint insofar as they state a legal conclusion to which no response is required.

7. Defendant admits that Plaintiff is a former employee of Progressive Resource Services Company, Inc. ("Progressive RSC"), by which he was employed for over eight years. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits that during his employment with Progressive RSC, Plaintiff held the position of IT Release and Deploy Analyst, among other positions. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint and, thus, denies said allegations.

14. Defendant admits that Plaintiff informed his employer, Progressive RSC, that he had been diagnosed with Celiac disease. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits that Plaintiff's employer, Progressive RSC, was aware that Plaintiff suffered from Celiac disease. Except as expressly admitted, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint and, thus, denies said allegations.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint and, thus, denies said allegations.

18. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint and, thus, denies said allegations.

19. Defendant admits the allegations contained in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff notified his employer, Progressive RSC, of his intent to take FMLA leave and that Plaintiff did not end up taking it at that time, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21 of the Complaint and, thus, denies said allegations.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations that Plaintiff was not meeting his employer's standards in or around May, 2011, but denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations that Plaintiff was issued a verbal warning and submits that the verbal warning was followed by a Written Warning and Action Plan in September and November 2011, but denies the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and, thus, denies said allegations.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff used FMLA leave in or around April 2012 and that a meeting was held to discuss Plaintiff's performance issues, but is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint and, thus, denies said allegations.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits that Progressive RSC terminated Plaintiff's employment on or around May 11, 2012 but denies the remaining allegations contained in Paragraph 35 of the Complaint.

## **COUNT I**

36. Defendant restates its answers to Paragraphs 1 through 35 of the Complaint as if stated herein.

37. Defendant neither admits nor denies the allegations contained in Paragraph 37 of the Complaint insofar as they state a legal conclusion to which no response is required.

38. Upon information and belief, Defendant admits the allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits the allegations contained in Paragraph 39 of the Complaint.

40. Defendant neither admits nor denies the allegations contained in Paragraph 40 of the Complaint insofar as they state a legal conclusion to which no response is required.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant admits that Plaintiff was terminated from his employment on or around May 11, 2012, but denies the remaining allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

## COUNT II

46.-51. Defendant reserves the right to answer in response to the claim set forth in Count II of Plaintiff's Complaint, if necessary, pending a ruling by the Court on Defendant's Motion to Dismiss said claim, which has been filed with the Court contemporaneously herewith.

## COUNT III

52. Defendant restates its answers to Paragraphs 1 through 51 of the Complaint as if stated herein.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant admits the allegations contained in Paragraph 54 of the Complaint.

55. Defendant neither admits nor denies the allegations contained in Paragraph 55 of the Complaint insofar as they state a legal conclusion to which no response is required.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

## COUNT IV

60-64. Defendant reserves the right to answer in response to the claim set forth in Count IV of Plaintiff's Complaint, if necessary, pending a ruling by the Court on Defendant's Motion to Dismiss said claim, which has been filed with the Court contemporaneously herewith.

65. Defendant denies that Plaintiff is entitled to any of the relief requested in the unnumbered paragraph with the heading "Demand for Relief" following Paragraph 64 of the Complaint, including subparts (a)-(e), thereto.

66. Defendant denies each and every allegation contained in the Complaint (except those it has neither admitted nor denied because it has reserved the right to answer pending a ruling by the Court on its Motion to Dismiss) that, heretofore, has not been admitted specifically.

## SECOND DEFENSE

Counts I and III in Plaintiff's Complaint fail to state claims upon which relief can be granted.

## THIRD DEFENSE

Any and all actions taken with respect to Plaintiff's employment were taken for legitimate, nonretaliatory reasons, in good faith and for good and/or just cause, would have been taken regardless of any allegedly retaliatory motive, and Defendant engaged in no willful misconduct.

## FOURTH DEFENSE

Plaintiff has failed to mitigate his alleged damages.

## FIFTH DEFENSE

Some or all of the claims asserted in Count I and/or Count III of the Complaint are barred whole or in part by the applicable statute of limitations.

## SIXTH DEFENSE

Defendant has, at all times, attempted in good faith to comply with the provisions of the Fair Labor Standards Act and analogous state law, and had reasonable grounds for believing it was in compliance.

## SEVENTH DEFENSE

Defendant acted in conformity with and in reliance upon written administrative regulations, orders, rulings, practices, interpretations and/or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor and all state agencies charged with enforcement of state wage and hour laws, including but not limited to 29 C.F.R. Part 541.

## EIGHTH DEFENSE

No act or omission of Defendant which is alleged to violate the Fair Labor Standards Act and/or state laws was willful, knowing or in reckless disregard for the provisions of the law, and Plaintiff therefore is not entitled to penalty, multiplication of or addition to damages (including liquidated damages), or extension of any statute of limitations period.

## NINTH DEFENSE

Plaintiff was covered by one or more of the overtime exemptions contained in or implied by all applicable federal and state wage and hour laws, including, but not limited to, the exemptions from overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 213(a), and as further illuminated by 29 C.F.R. Part 541, and analogous state law provisions.

## TENTH DEFENSE

In calculating overtime liability (if any), Defendant is entitled to exclusion of all elements of Plaintiff's compensation that are excludable from an employee's regular rate under federal and/or state law for purposes of calculating overtime, including, but not limited to, those elements that fall within Section 7(e) of the FLSA, 29 U.S.C. § 207(e), and for all time spent on preliminary or postliminary activities excludable from hours worked under 29 U.S.C. § 254.

## ELEVENTH DEFENSE

Defendant is entitled to a credit against any overtime owed (if any) to Plaintiff for any amounts permitted under federal or state law to be credited toward an employer's overtime liability, including, but not limited to, those set forth in Section 7(h) of the FLSA, 29 U.S.C. § 207(h), and/or any analogous state law provisions.

## TWELFTH DEFENSE

The damages incurred by Plaintiff, (if any) must be reduced or eliminated by any setoffs and credits for (1) all overpayments of compensation to Plaintiff, (2) sums which Plaintiff received during the course of his employment with Defendant for reasons other than for work performed for Defendant, and (3) all other amounts that may lawfully be deducted from any amount awarded to Plaintiff under the FLSA and/or applicable state law.

## THIRTEENTH DEFENSE

The claims of Plaintiff fail in whole or in part under the *de minimus* doctrine and/or because the damages (if any) associated with such claims are too speculative to be permitted.

## FOURTEENTH DEFENSE

Count III of the Complaint is barred because Plaintiff received all payments to which he was entitled.

## FIFTEENTH DEFENSE

Plaintiff's claim under Count II is barred as to all hours allegedly worked of which Defendant lacked constructive or actual knowledge.

## SIXTEENTH DEFENSE

Some or all of the claims of Plaintiff alleged in Count III are barred, in whole or in part, by the equitable doctrine of laches inasmuch as he has inexcusably and unreasonably delayed the filing of this action causing prejudice to Defendant.

## SEVENTEENTH DEFENSE

Defendant reserves the right to assert additional defenses as they become known through discovery and, if necessary, pending the Court's ruling on the Motion to Dismiss being filed with respect to Counts II and IV set forth in the Complaint.

WHEREFORE, for the foregoing reasons, Defendant Progressive Resource Services Company, Inc. respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety, with prejudice, and award Defendant its reasonable attorney fees and costs, and such other and further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ David A. Posner*
David A. Posner, Esq. (0042174)
Leah A. Williams, Esq. (0075587)
Baker & Hostetler, LLP
PNC Center, Suite 3200
1900 E. 9th Street
Cleveland, Ohio  44114
Telephone: 216-621-0200
Facsimile: 216-696-0740
dposner@bakerlaw.com
lwilliams@bakerlaw.com

Attorneys for Defendant Progressive Resource Services Company, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2012, a copy of the foregoing Defendant Progressive Resource Services Company Inc.'s Answer was filed electronically. Notice of this filing will be sent to counsel for all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                              */s/ David A. Posner*
One of the Attorneys for Defendant Progressive Resource Services Company, Inc.

007045, 000505, 601620209