IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| JOHN BEATTY | ) | CASE NO. 1:12-cv-02646 |
|---|---|---|
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| v. | ) | **AMENDED COMPLAINT** |
| PROGRESSIVE CASUALTY INSURANCE COMPANY | ) | **(Jury Demand Endorsed Hereon)** |
| Defendant. | ) | |

Plaintiff John Beatty, by and through undersigned counsel, as his Amended Complaint against Defendant Progressive Casualty Insurance Company, states and avers the following:

## PARTIES & VENUE

1. Beatty is a resident of the city of Parma, Cuyahoga County, State of Ohio.

2. Progressive is an Ohio corporation with its principal place of business located in Cuyahoga County at 6300 Wilson Mills Road, Mayfield Village, Ohio, 44143.

3. Progressive maintains another office in Cuyahoga County located at 300 North Commons Blvd., Mayfield Village, Ohio, 44143.

4. All material events alleged in this Complaint occurred in Cuyahoga County.

5. Therefore, personal jurisdiction is proper over Progressive pursuant to Ohio Revised Code §2307.382(A)(1).

6. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

## FACTS

7. Beatty is a former employee of Progressive where he worked for over eight years.

8. During his employment, Beatty worked for Progressive as a Release and Deploy Analyst.

9. During his employment, Progressive required Beatty to work at least 45 hours per week.



10. During his employment, Beatty actually worked overtime by working at least 45 hours per week.

11. Beatty was a non-exempt employee.

12. During his employment, Progressive failed to pay Beatty any overtime compensation for hours worked over 40 per week.

13. In 2005, while employed with Progressive, Beatty was diagnosed with Celiac disease.

14. Beatty informed Progressive that he had Celiac disease.

15. Progressive was aware that Beatty suffered from Celiac disease.

16. Progressive was aware that Beatty could become very ill for periods of time as a result of his Celiac disease.

17. Despite battling with Celiac disease, Beatty remained capable of fully performing his essential job functions as an employee of Progressive.

18. In or around May, 2011, Beatty became very ill due a reaction resulting from his Celiac disease.

19. In order to treat his serious health condition, Beatty requested medical leave under the Family Medical Leave Act.

20. At the time of his request for leave in May, 2011, Beatty was eligible and qualified to take medical leave under the FMLA.

21. As a result, Beatty notified Progressive of his intent to take the FMLA leave even though he did not end up taking it because of a complication with his physician at the time.

22. Immediately after notifying Progressive of his intent to use FMLA leave, Beatty began experiencing retaliation from Progressive.

23. In or around May, 2011, after Beatty returned to work, Progressive changed Beatty's position and accusing him of not meeting company standards at his former position.



24. When Progressive's actions failed to get Beatty to quit his job, Progressive retaliated further by issuing Beatty a verbal warning followed by a Performance Improvement Plan in or around September, 2011.

25. Then in or around December, 2011, Beatty again became ill as a result of his Celiac disease requiring him to use FMLA leave for a second time in order to treat his serious health condition.

26. Upon returning to work following his FMLA leave, Progressive presented Beatty with an ultimatum whereby he could either voluntarily resign or be forced to meet a new set of objectives on top of his usual job responsibilities.

27. However, when Beatty questioned and challenged this blatant retaliatory action, Progressive withdrew the ultimatum.

28. Despite withdrawing its initial retaliatory ultimatum against Beatty, Progressive continued to retaliate against him in other ways including giving him another Performance Improvement Plan in February, 2012.

29. Then in or around April, 2012, just days after Beatty again used his eligible FMLA leave to treat an illness resulting from his Celiac disease, Progressive held a meeting with Beatty to discuss alleged performance issues.

30. During this meeting in April, 2012, Progressive accused Beatty of not meeting performance standards on the basis that he was not getting the work done.

31. This was the sole basis for the alleged performance issues communicated by Progressive to Beatty.

32. Following this accusation, Beatty presented Progressive with evidence that he was getting his work completed and meeting company standards for performance.



33. However, after being presented with Beatty's evidence and performance records, Progressive conveniently changed its basis for Beatty's alleged performance problems by stating that it was not about the work getting done but instead, the way it was being done.

34. Thereafter, during the April, 2012 meeting, Progressive again presented Beatty with the same ultimatum in an attempt to force Beatty quit his job.

35. Beatty again refused to quit, and as a result, Progressive terminated him from his employment on or around May 11, 2012.

### COUNT I: RETALIATORY DISCHARGE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

36. Beatty restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

37. Progressive is a covered employer under the FMLA.

38. During a few times in his employment, Beatty suffered from a serious health condition related to his Celiac disease.

39. Beatty elected to use FMLA leave in order to care for and/or treat his serious health condition.

40. At the time Beatty elected to use his FMLA leave, he was a qualified employee under the FMLA.

41. Each time Beatty returned to work after using his qualified FMLA leave, Progressive retaliated against him.

42. Beatty was last retaliated against due to his exercising of his rights under the FMLA on or around May 11, 2012 when he was terminated from his employment.

43. Progressive willfully retaliated and discriminated against Beatty in violation of 29 U.S.C. § 2615(a).



44. As a direct and proximate cause of Progressive's conduct, Beatty suffered and will continue to suffer damages.

45. As a direct and proximate cause of Progressive's conduct, Beatty is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

## COUNT II: FAILURE TO PAY OVERTIME COMPENSATION

46. Beatty restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

47. Beatty actually worked at least 45 hours per week.

48. Progressive did not pay Beatty overtime wages for hours worked over 40 per week.

49. Pursuant to R.C. § 4111.03(A) and 29 U.S.C. § 207, an employer must pay a non-exempt employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of 40 hours in one work week.

50. Beatty was a non-exempt employee for purposes of R.C. § 4111.03(A) and 29 U.S.C. § 207.

51. As a direct and proximate cause of Progressive's failure to pay Beatty his lawfully earned overtime wages, Beatty suffered damages.

52. As a direct and proximate cause of Progressive's failure to pay Beatty his lawfully earned overtime wages, pursuant to R.C. § 4111.10(A), Progressive is liable to Beatty for the full amount of the overtime wage rate, and for costs and reasonable attorneys' fees as may be allowed by the Court.

53. As a direct and proximate cause of Progressive's failure to pay Beatty his lawfully earned overtime wages, pursuant to 29 U.S.C. § 216(b), Progressive is liable to Beatty for the full amount of the overtime wage rate, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.



## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54. Beatty restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

55. Progressive intended to cause Beatty emotional distress, or knew that its acts or omissions would result in serious emotional distress to Beatty.

56. Progressive's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

57. As a direct and proximate cause of Progressive's acts and omissions as set forth above, Beatty has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

58. As a direct and proximate cause of Progressive's conduct and the resulting emotional distress, Beatty suffered and will continue to suffer damages.

## DEMAND FOR RELIEF

WHEREFORE, Beatty demands from Progressive the following:

(a) An award against Progressive of compensatory and monetary damages to compensate Beatty for lost wages, lost benefits, unpaid overtime wages, emotional distress and other consequential damages, in an amount in excess of $25,000 to be proven at trial;

(b) An award of punitive damages against Progressive in an amount in excess of $25,000;

(c) An award of reasonable attorneys' fees and non-taxable costs for Beatty's claims as allowable under law;

(d) An award of the taxable costs of this action; and

(e) An award of such other relief as this Court may deem necessary and proper.



Respectfully submitted,

*/s/ Fred M. Bean*_____
Brian D. Spitz (0068816)
Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**
4568 Mayfield Road, Suite 102
South Euclid, Ohio 44121
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: Brian.Spitz@SpitzLawFirm.com
       Fred.Bean@SpitzLawFirm.com

*Attorneys For Plaintiff John Beatty*

## JURY DEMAND

Plaintiff John Beatty demands a trial by jury by the maximum number of jurors permitted.

*/s/ Fred M. Bean*_____
Brian D. Spitz (0068816)
Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2012, a copy of the foregoing was filed via the Court's electronic filing system and made available to all parties.

*/s/ Fred M. Bean*_____
Brian D. Spitz (0068816)
Fred M. Bean (0086756)
**THE SPITZ LAW FIRM, LLC**

