UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BEATTY, | ) | CASE NO.1:12CV2646 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| PROGRESSIVE CASUALTY | ) | OPINION AND ORDER |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Progressive Casualty Insurance Company's ("Progressive") Motion to Dismiss Counts II and IV of Plaintiff's Complaint (ECF # 6). The Court finds Defendant's Motion well-taken and dismisses Count III of Plaintiff's Amended Complaint.[1]

According to Plaintiff's Amended Complaint, Plaintiff was an eight year employee of Defendant Progressive. Sometime in 2005, Plaintiff was diagnosed with Celiac Disease and

---

[1] After Defendant moved to dismiss Counts II and IV of Plaintiff's Complaint, Plaintiff filed an Amended Complaint dropping one claim, resulting in a renumbering of Plaintiff's claims. Therefore, Count IV of Plaintiff's original Complaint became Count III in its Amended Complaint.

1

informed Progressive.  Despite the diagnosis, Plaintiff contends he was capable of performing the functions of his job.  In 2011, Plaintiff requested medical leave under the Family Medical Leave Act ("FMLA") and shortly thereafter began experiencing retaliation from Progressive.  The retaliation ultimately resulted in Plaintiff's termination in May 2012.  Plaintiff's Complaint alleged claims for Unlawful Retaliation in Violation of the FMLA, Unlawful Termination in Violation of Ohio and Federal Public Policy, Unpaid Overtime in Violation of Ohio and Federal Law, and Intentional Infliction of Emotional Distress ("IIED").

On October 30, 2012, Defendant filed its Motion to Dismiss, seeking to dismiss Plaintiff's claims of Unlawful Termination in Violation of Public Policy and Intentional Infliction of Emotional Distress.  On November 6, 2012, Plaintiff filed an Opposition to Defendant's Motion and simultaneously filed an Amended Complaint.  Plaintiff's Amended Complaint merely removed his claim for Wrongful Termination in Violation of Public Policy but left unchanged his other claims and supporting factual allegations.  On November 19, 2012, Defendant filed its Reply brief, requesting the Court consider it without requiring entirely new briefing since the Amended Complaint only dropped a claim and asserted no additional facts or causes of action.  Plaintiff has not requested additional briefing on the Motion to Dismiss and the Court finds any additional briefing unnecessary in light of the circumstances.

## STANDARD OF REVIEW

**A.  Civil Rule 12(b)(6) Standard**

In deciding a motion to dismiss under Fed.R.Civ.P.12(b)(6), the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  The court need not, however, accept conclusions of law as true:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in [*Bell Atlantic v.*] *Twombly*, 550 U.S. 544, 127 S. Ct. 1955 [(2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-Defendant-unlawfully-harmed-me accusation. *Id.* at 555... A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a Defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a Defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

According to the Sixth Circuit, the standard described in *Twombly* and *Iqbal* "obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*." *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 541 (6th Cir.2007) (quoting *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2nd Cir. 2007)). That is, "*Iqbal* interpreted *Twombly* to require more concrete allegations only in those instances in which the complaint, on its face, does not otherwise set forth a plausible claim for relief." *Weisbarth*, 499 F.3d at 542. A complaint should be dismissed when it fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## **LAW AND ANALYSIS**

Since Plaintiff has abandoned his claim for wrongful termination the only remaining claim at issue is Plaintiff's claim for Intentional Infliction of Emotional Distress. According to

3

Defendant, Plaintiff's Amended Complaint lacks sufficient factual allegations to support a plausible claim of IIED.

To establish a prima facie case of intentional infliction of emotional distress, the plaintiff must show: (1) the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; (2) the actor's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community; (3) the actor's actions were the proximate cause of the plaintiff's psychic injury; and (4) the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable person could be expected to endure it. *Phung v. Waste Mgt., Inc.,* 71 Ohio St.3d 408, 410 (1994), *Ridley v. Fed. Express*, No. 82904, 2004 WL 1119591, at *9 (Ohio Ct. App. May 20, 2004).

Ohio courts apply intentional infliction standards strictly in employment actions. *Anthony v. TRW, Inc.*, 726 F.Supp 175, 181 (N.D. Ohio 1989); *Baab v. AMR Services Corp.*, 811 F.Supp. 1246, 1269 (N.D. Ohio 1993) ("Clearly then, to say that Ohio courts narrowly define 'extreme and outrageous conduct' would be something of an understatement."). "Liability has been found only where the conduct has been so outrageous, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Babb*, at 1269. In fact, federal courts, in applying Ohio law, have consistently held that employment termination alone, without something more, cannot support a claim for Intentional Infliction of Emotional Distress. See *Shoemaker-Stephen v. Montgomery County Bd. of Com'rs* 262 F.Supp.2d 866, 888 (S.D.Ohio,2003) ("for it is well-established under Ohio law that discrimination, by itself, is insufficient to support an intentional infliction of

emotional distress claim"), *citing Bryans v. English Nanny and Governess Sch., Inc.,* 117 Ohio App.3d 303 (Ohio App. 1996).  See also *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999)("But an employee's termination, even if based upon discrimination, does not rise to the level of "extreme and outrageous conduct" without proof of something more.  If such were not true, then every discrimination claim would simultaneously become a cause of action for the intentional infliction of emotional distress.")

Here, Plaintiff's Amended Complaint alleges facts supporting his claims for retaliatory discharge and failure to pay overtime, however, it is devoid of any factual allegations supporting a plausible claim for IIED.  The factual allegations are limited to Defendants' giving Plaintiff an ultimatum wherein he could resign or meet new objectives and harassing him about his failure to meet performance standards after he requested FMLA leave.  None of these allegations rise to the level of outrageous as required under Ohio law nor do they support a plausible claim for IIED.  In light of Sixth Circuit and Ohio precedent that allegations of wrongful termination alone are insufficient on their own to support a claim for IIED, the Court finds in favor of Defendant on its Motion to Dismiss Plaintiff's IIED claim.

Therefore, the Court grants Defendant's Motion to Dismiss Plaintiff's claim for Intentional Infliction of Emotional Distress.

IT IS SO ORDERED.

                                              s/ Christopher A. Boyko
                                              CHRISTOPHER A. BOYKO
                                              United States District Judge

Dated:  January 9, 2013